## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TINA DEVALL** | § | **CIVIL ACTION NO.:** |
| | § | |
| **VERSUS** | § | **SECTION:** |
| | § | |
| **WAL-MART STORES, L.L.C.** | § | |

### NOTICE OF REMOVAL

TO:   **The Honorable Judges**
       **of the United States District Court**
       **for the Middle District of Louisiana**

Defendant, Wal-Mart Louisiana, LLC, files this Notice of Removal pursuant to 28 U.S.C.

§§ 1332 and 1441, and hereby removes this matter from the 23rd Judicial District Court for the

Parish of Ascension, State of Louisiana, to the docket of this Honorable Court on the grounds set

forth below:

1.      On February 10, 2020, Tina Devall filed this lawsuit against Wal-Mart Louisiana,

LLC, hereinafter referred to as Walmart, in the 23rd Judicial District Court for the Parish of

Ascension, State of Louisiana, bearing case number 128089 and entitled *Tina Devall v. Wal-Mart*

*Inc., Wal-Mart Louisiana LLC*. (*See* Plaintiff's Petition for Damages, attached hereto and marked

for identification as Exhibit "A.")

2.      Wal-Mart Louisiana, LLC was served through its agent for service of process, CT

Corporation, with a copy of the Citation and Petition on February 28, 2020. (*See* CT Corporation

Service of Process Transmittal Notice attached hereto and marked for identification as Exhibit

"B.")

3.      The suit seeks damages from Walmart for injuries allegedly sustained at Walmart

Store #5056 located at 17585 Airline Highway, Prairieville, LA.

4.      Plaintiff alleges in Paragraph 15 of the Petition that as a result of the above-described incident, she sustained damages including physical pain and suffering (past and future); mental anguish (past and future); loss of enjoyment of life (past and future); disfigurement and disability; medical expenses (past and future); lost wages/earnings (past and future); loss of earning capacity. The Petition fails to provide a general allegation that the claim exceeds or is less than the amount necessary to provide lack of jurisdiction of Federal Court due to insufficiency of damages. LA CCP article 893.

5.      On April 13, 2020, Walmart issued initial discovery to plaintiff through her counsel by which she was asked to describe in Interrogatory No. 4, her injuries, physical and mental, allegedly sustained in the incident, including the nature and extent of the each such injury and the area of the body affected. On July 30, 2020, plaintiff responded to discovery by stating that as a result of the subject incident, she has sustained injuries to her left knee and right leg. Medical records attached to discovery responses suggest that on March 28, 2019, plaintiff came under the care of Dr. Robert Easton at Baton Rouge Orthopedic Clinic. Plaintiff then underwent physical therapy from April 1, 2019 until May 10, 2019, before being discharged from Dr. Easton indicating that the therapy had helped well. On August 16, 2019, plaintiff was seen by Dr. Craig Green also at the Baton Rouge Orthopedic Clinic where she presented for a second opinion. Dr. Green in turn offered the plaintiff an injection which she declined. Plaintiff itemized medical expenses totaling $7,304.98.

6.      On October 6, 2020, the deposition of plaintiff, Tina Devall, was taken as scheduled by undersigned counsel. At that time, plaintiff testified that she is presently under the care of Dr. Green who has recommended that she undergo a total knee replacement. In fact, plaintiff stated that she was scheduled to undergo surgery in October but decided to postpone it due to COVID

concerns.

## I.    REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332.

7.    28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States."

### A.    THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00.

8.    The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000.00, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000.00 or (2) 'by setting forth *the facts* in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995)).

9.    Plaintiff has alleged injuries and damages that, if true, which defendant vehemently denies, place an amount in controversy which exceeds the sum or value of $75,000.00, exclusive of interest and costs.  Plaintiff's Petition for Damages does not offer a binding stipulation that plaintiffs will not seek to enforce any judgment that may be awarded in excess of $75,000.00, as would be required pursuant to *Davis v. State Farm*, No. 06-560, slip op.

10.    While Wal-Mart admits no liability, nor any element of damages, Wal-Mart has met its burden of showing that the amount in controversy is in excess of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs.

### B.    COMPLETE DIVERSITY

11.    Defendant, Wal-Mart Louisiana, LLC, is a Delaware limited liability company with

its principal place of business in Bentonville, Arkansas, and its sole member or owner being Wal-Mart Stores East, LP, a Delaware limited partnership with its principal place of business in Bentonville, Arkansas and which is composed of two partners, namely WSE Management, LLC (GP) and WSE Investment, LLC (LP), both Delaware limited liability companies with their principal place of business in Bentonville, Arkansas. The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LP, an Arkansas limited partnership with its principal place of business in Bentonville, Arkansas. The sole member of Wal-Mart Stores East, LP is its parent company Walmart Inc., a Delaware corporation with its principal place of business in Bentonville, Arkansas, which is a publicly held company.

12.    Plaintiff is a resident and domiciled in the Parish of Ascension, State of Louisiana.

13.    Accordingly, there is complete diversity of citizenship between the plaintiff and the only named defendants.

14.    This is a civil action over which the United States District Court for the Middle District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy, exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and complete diversity exists between all adverse parties.

15.    The deposition of the plaintiff was completed on October 6, 2020.

## II.    WALMART HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

16.    This Notice of Removal is being filed within thirty (30) days after first receipt by Wal-Mart of a copy of the initial pleadings setting forth the claim of relief upon which the action is based, it is therefore timely under 28 U.S.C. § 1446(b).

17.    Jurisdiction is founded in the existence of diversity jurisdiction under 28 U.S.C. §

1332, which grants federal courts concurrent original jurisdiction over claims where the matter in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and is between citizens of different States.

18.    The 23rd Judicial District Court for the Parish of Ascension, State of Louisiana, is located within the Middle District of Louisiana pursuant to 28 U.S.C. § 98(a). Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

19.    No previous application has been made by Wal-Mart in this case for the relief requested herein.

20.    Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition is attached hereto as Exhibit A.  Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Tina Devall through her attorney of record, and a copy is being filed with the Clerk of Court for the 23rd Judicial District Court for the Parish of Ascension, State of Louisiana.

21.    Petitioner, Wal-Mart Louisiana, LLC, desires and is entitled to **trial by jury** of all issues herein.

**WHEREFORE**, defendant, Wal-Mart Louisiana, LLC, hereby removes this action from the 23rd Judicial District Court for the Parish of Ascension, State of Louisiana, to the docket of the United States District Court for the Middle District of Louisiana.

*Signature on next page.*

Respectfully submitted,

*/s/ Roy C. Beard*
ROY C. BEARD, (#17461)
P. SINNOTT MARTIN (#37218)
MCCRANIE, SISTRUNK, ANZELMO, HARDY
McDANIEL & WELCH
909 Poydras Street, Suite 1000
New Orleans, LA 70112
(504) 831-0946
Email: rcb@mcsalaw.com
        psm@mcsalaw.com
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel by operation of the Court's electronic filing system this 2nd day of November, 2020.

*/s/ Roy C. Beard*