2020 FEB 10 P 3:21

TINA DEVALL     Original signed by Jill Lambert    DOCKET NO.:    SECT.:

                                                            23RD JUDICIAL DISTRICT COURT

VERSUS   128089

                                                        PARISH OF ASCENSION

WAL-MART STORES, L.L.C.           STATE OF LOUISIANA

                                  DIVISION A

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Plaintiff, TINA DEVALL, a resident of the full age of majority of Ascension Parish, State of Louisiana, who respectfully represents:

1.

Made defendants herein are the following:

WAL-MART STORES, L.L.C., (hereinafter "WAL-MART"), or in the alternative, an affiliate thereof, upon information and belief, a foreign corporation, authorized to do and doing business in the State of Louisiana, with its agent for service of process being CT Corporation System, 5615 Corporate Boulevard, Suite 400B, Baton Rouge, Louisiana, 70808.

2.

At all material times, Defendant, WAL-MART LOUISIANA, L.L.C. was the owner and/or custodian of WAL-MART, Store Number 5056, located at 17585 Airline Highway, Prairieville, Louisiana 70769 ("premises"), as well as the owner and/or custodian of all contents located on said premises.

3.

WAL-MART LOUISIANA, L.L.C. and its employees had custody and control and maintained WAL-MART, Store Number 5056.

4.

On or about March 27, 2019, Petitioner, TINA DEVALL was a patron on the premises of WAL-MART, Store Number 5056, located at 17585 Airline Highway, Prairieville, Louisiana 70769.

5.

At or about the time and place alleged above, Petitioner was walking down an aisle in the candy section at WAL-MART.

1


EXHIBIT A

6.

Petitioner slipped and fell in a liquid substance on the floor of WAL-MART.

7.

At all material times, WAL-MART, through the actions of its employees, had actual or constructive knowledge of the liquid substance on the floor.

8.

Petitioner never saw or noticed the substance on the floor before her foot came in contact with the substance.

9.

The presence of a liquid substance on the floor at WAL-MART presented an unreasonable risk of harm to patrons, such as Petitioner.

10.

The risk of harm was reasonably foreseeable to WAL-MART.

11.

WAL-MART failed to exercise reasonable care in light of their knowledge of the hazardous condition that caused the damage alleged herein.

12.

This incident was caused by the fault of the Defendant, WAL-MART, in the following non-exclusive respects:

    a.    By failing to maintain their premises in a safe condition;

    b.    By failing to warn Petitioner of the unsafe condition;

    c.    Failing to take preventative measures to guard against dangers created unreasonably dangerous and/or hazardous conditions of its premises;

    d.    By failing to inspect the area and/or to remove such hazards;

    e.    By failing to prevent plaintiff from entering into what defendant knew or should have known was an unsafe area;

    f.    Failing to exercise the degree of care required under the circumstances;

    g.    Failing to properly train and/or supervise its employees;

h.  Failing to have proper policies, procedures, and plans in place to address such hazards and/or failing to follow such policies, procedures, and plans; and

f.  Other acts of negligence that were the cause of this incident and will be shown at the trial of this matter.

13.

At all times material and relevant herein, Plaintiff, TINA DEVALL, proceeded in a prudent manner and was free from fault and negligence and in no way contributed to the fall and her injuries and damages.

14.

Alternatively, Defendant, WAL-MART, had actual or constructive notice of the hazardous condition as it existed for such a period of time that it would have been discovered in the exercise of reasonable care.

15.

As a result of this slip and fall, TINA DEVALL has sustained the following non-exclusive elements of damages:

a.  Physical pain and suffering (past and future);

b.  Mental anguish (past and future);

c.  Loss of enjoyment of life (past and future);

d.  Disfigurement and disability;

e.  Medical Expenses (past and future);

f.  Lost Wages/Earnings (past and future);

g.  Loss of earning capacity;

h.  Other elements of damages developed during discovery and/or demonstrated with particularity at the trial of this matter.

16.

Plaintiff, TINA DEVALL, requests trial by jury on all issues.

WHEREFORE, Petitioner, TINA DEVALL, prays that Defendant, be duly served with a copy of the foregoing petition, and after being cited to appear and answer same, and after lapse of all legal delays and due proceedings, there be a judgment herein in favor of TINA DEVALL and against Defendant, WAL-MART STORES, L.L.C., for all items of special damages incurred by

Petitioner and such general damages as are reasonable in the premises, together with legal interest from the date of the judicial demand until paid, all costs of this proceeding, and all such other and equitable relief to which Petitioner may be entitled.

Respectfully Submitted:

DUDLEY DeBOSIER, P.L.C.

BY: _____
LAUREN CAVALIER, Bar Roll No. 37987
1075 Government, St.
Baton Rouge, Louisiana 70802
Telephone: (225) 478-4242
Facsimile: (225) 478-4292
*Counsel for Plaintiff, TINA DEVALL*

PLEASE SERVE:

WAL-MART STORES, L.L.C.
Through its agent for service of process
CT Corporation System
5615 Corporate Boulevard, Suite 400B
Baton Rouge, Louisiana 70808

A TRUE COPY
_____
Deputy Clerk & Recorder
ASCENSION PARISH 2/13/2020